IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02491–PAB–KMT

MARIA A. ADAMS,

    Plaintiff,

v.

VEOLIA TRANSPORTATION,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant's Motion for Leave to Amend Defendant's Answer to Amended Complaint and Jury Demand" (Doc. No 17, filed December 22, 2011 ["Mot."]). Plaintiff filed her response on January 11, 2012. (Doc. No. 20.)

Defendant Veolia Transportation seeks to amend its Answer to assert additional and/or amended additional defenses. (Mot. at 1.) Specifically, Defendant wishes to assert the amended defenses that 1) Plaintiff's claims are barred and she must be stopped from advancing the instant claims because of the Severance and Release Agreement executed by Plaintiff on September 24, 2010; and 2) Plaintiff's claims may be barred by the doctrine of laches and/or unclean hands. (*Id.*, ¶ 5.) Defendant states that, though it raised the defenses of estoppel and waiver in its Answer (Doc. No. 15), it now desires specifically to assert in advance of discovery the Severance and Release Agreement executed by Plaintiff. (*Id.*, ¶ 7.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As a threshold matter, the court notes that the Scheduling Conference has not been held, and no Scheduling Order has been entered in this case. Consequently, the Motion is timely. Plaintiff's argument against Defendant's Motion is that Defendant is more capable of defending itself because it is represented by counsel. (*See* Doc. No. 20.) However, there is no argument or any showing that Defendant is seeking its amendments in bad faith or with dilatory motive. Nor has Defendant repeatedly failure to cure deficiencies by amendments previously allowed. Finally, the court finds there has been no showing of undue prejudice to the Plaintiff or futility of amendment.

THEREFORE, it is

ORDERED that "Defendant's Motion for Leave to Amend Defendant's Answer to Amended Complaint and Jury Demand" (Doc. No 17) is GRANTED.  The Clerk of Court is directed to file the "First Amended Answer and Additional Defenses to the Amended Complaint and Jury Demand by Defendant Veolia Transportation Services, Inc." (Doc. No. 17-1).

Dated this 13th day of January, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge