IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02491-PAB-KMT

MARIA A. ADAMS,

    Plaintiff,

v.

VEOLIA TRANSPORTATION,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Consolidate [Docket No. 19] filed by defendant Veolia Transportation Services, Inc. Veolia Transportation seeks an order consolidating this case with a related case, *Adams v. Veolia Transportation*, 11-cv-02492-MSK-CBS, pending in this District before Judge Marcia S. Krieger. After review of the pleadings in each of these cases, the Court concludes that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

**I. BACKGROUND**

Plaintiff Maria Adams filed the complaint in this action on September 23, 2011. Plaintiff alleges that she was discriminated against because of her sex in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). Plaintiff asserts that, despite performing similar duties as her male co-workers, she received fewer benefits because she is female.

In plaintiff's related case, *Adams v. Veolia Transportation*, 11-cv-02492-MSK-CBS, also filed on September 23, 2011, plaintiff alleges that she was demoted and discharged for having a personal relationship with a male co-worker in violation of Title VII, claiming that no male manager engaged in a personal relationship with a co-worker would have faced either a demotion or discharge.

## II.  ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted.  D.C.COLO.LCivR 42.1.  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)).  Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Both of the cases in question involve the same parties, essentially the same facts, and seek to answer the same question: whether the termination of plaintiff's employment with Veolia Transportation Services was the result of discrimination based on sex.  Additionally, the cases were filed on the same day, neither of the parties in the cases objects to consolidation, and the present case is the lowest numbered case. Therefore, because the cases involve common questions of law and fact, *Adams v. Veolia Transportation*, 11-cv-02491-PAB-KMT, and *Adams v. Veolia Transportation*, 11-cv-02492-MSK-CBS, shall be consolidated.

## III.  CONCLUSION

Accordingly, it is

**ORDERED** that Defendant Veolia Transportation Services, Inc.'s Motion to Consolidate [Docket No. 19] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 11-cv-02491-PAB-KMT and 11-cv-02492-MSK-CBS shall be consolidated for all purposes.  It is further

**ORDERED** that, as of the date of this Order, all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 11-cv-02491-PAB-KMT
    (Consolidated with Civil Action No. 11-cv-02492-PAB-KMT)

---

DATED January 20, 2012.

                                                BY THE COURT:

                                                s/Philip A. Brimmer<br>
                                                PHILIP A. BRIMMER<br>
                                                United States District Judge